48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Allen M. MASON, Defendant-Appellant.
 No. 94-30253.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 22, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Allen M. Mason appeals his 33-month sentence imposed after he pleaded guilty to fourteen counts of mail fraud, in violation of 18 U.S.C. Secs. 1341 and 2. Mason contends the district court erred in adjusting his sentence upward two levels for targeting vulnerable victims pursuant to U.S.S.G. Sec. 3A1.1. We have jurisdiction under 18 U.S.C. Sec. 3742(a) and 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district court's construction and interpretation of the Sentencing Guidelines is reviewed de novo. United States v. Haggard, 41 F.3d 1320, 1325 (9th Cir.1994); United States v. Peters, 962 F.2d 1410, 1415-16 (9th Cir.1992). We review the district court's findings regarding the susceptibility of the victims for clear error. Peters, 962 F.2d at 1416.
 
 
 4
 Section 3A1.1 provides that the offense level should be increased by two levels if the defendant knew or should have known that the victim of the offense was "unusually vulnerable," or was otherwise "particularly susceptible" to the criminal conduct. U.S.S.G. Sec. 3A1.1. Although section 3A1.1 considers a victim's age and mental and physical condition to determine whether a victim was "unusually vulnerable," other factors may be considered in determining whether a victim was "particularly susceptible." See Peters, 962 F.2d at 1417. In determining whether a victim is "particularly susceptible," the district court must consider the characteristics of the victim, the victim's reaction to the criminal conduct, and the circumstances surrounding the criminal act, and then determine whether the defendant could reasonably have anticipated the victim's reaction. Id.
 
 
 5
 Here, Mason developed schemes to defraud a priest, clergymen and World War II veterans into purchasing tours from his businesses, Pilgrim Journeys, Inc. and Global Journeys, Inc. The priest and clergymen purchased tours to religious destinations and the World War II veterans purchased trips to countries in which they served during the war. Mason contends that neither group were per se vulnerable victims under Sec. 3A1.1 of the Guidelines. He argues the record fails to establish that he "targeted" the victims because of their particular vulnerability. The district court properly found that Mason targeted the priest, clergy, parishioners, and the World War II veterans for his fraudulent schemes.
 
 
 6
 In the Pilgrim Journeys scheme, Mason "wrapped himself in the church" to gain the trust of the priest and clergy to aid in the promotion of his fraudulent scheme. His solicitations were signed "Yours in Christ" and included photographs showing him shaking hands with the Pope. Moreover, several of the victims were parishioners recruited by the priest and clergy who had trusted Mason. Thus, Mason knew or should have known that the victims would be particularly susceptible to his solicitations for spiritual tours. See U.S.S.G. Sec. 3A1.1. Likewise, in the Global Journeys scheme, Mason knew or should have known a marketing scheme offering World War II veterans a chance to return to a country served in during the war would render the veterans particularly susceptible to the fraudulent scheme. See id.
 
 
 7
 The district court relied upon statements made by the victims in the presentence investigation report (PSR) expressing the severe financial impact cause by Mason and their particular vulnerability to the fraudulent scheme. Specifically, one victim, Father Romagosa, wrote that he trusted Mason because he had advertised himself as being a member of a religious order to which Father Romagosa also belonged. Another victim, Reverend Dentinger, characterized the clergy as a "gullible and trusting lot." Robert Tyrrell, a victim of the Global Journeys scheme, expressed his bitter disappointment in being deprived of the opportunity to revisit the area where he served during World War II, and resented Mason for being responsible.
 
 
 8
 Mason relies upon cases from various other circuits in arguing the victims were not per se vulnerable pursuant to Sec. 3A1.1. However, we have held that the characteristics of the victims, their reactions to the criminal conduct, and the circumstances surrounding the criminal acts should be considered when determining a victim's susceptibility to criminal conduct. See Peters, 962 F.2d at 1417. The district court did not clearly err in finding that Mason's victims were particularly vulnerable. See id. at 1416. Accordingly, Mason's sentence was properly adjusted two levels pursuant to U.S.S.G. Sec. 3A1.1.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3